IN RE APPLICATION OF G. E. WHITLOCK v. O. A.
BARTHOLOMEW, Appellant.

**Liquor Permit: Notice of Application.** A notice describing the
place as "a certain building on lot one in block fourteen," is suffi-
cient, though the lot contains two buildings and one of the buildings,
two storerooms.

*Appeal from Lucas District Court.*—HON. W. I. BABB,
Judge.

MONDAY, MAY 21, 1894.

G. E. WHITLOCK is a registered pharmacist. On
the third day of August, 1892, he filed an application
in the court below for a permit to buy, keep, and sell
intoxicating liquors for lawful purposes. He published
a notice of his application, and served the same on the
county attorney. The county attorney resisted the
application, and a hearing was had, and the permit
was granted. The county attorney appeals.—*Affirmed.*

*Stuart & Bartholomew* for appellant.

*W. B. Barger* and *J. A. Penick* for appellee.

ROTHROCK, J.—The application in question was
made under the provisions of chapter 35, Acts Twenty-
third General Assembly. The only question involved
in the appeal is whether the application for the permit,
and the notice thereof, were in proper form. It is pro-
vided by section 4 of said act that the application shall
state "the place, particularly describing it, where the
business of buying and selling liquor is to be con-
ducted." The application stated that the "said busi-
ness is to be conducted at and in a certain brick
building situated on lot one, block fourteen, in the

original city of Chariton, Iowa." The law requires
that the notice shall state "the particular location or
the place where the applicant proposes to keep and sell
liquor." The notice, as given by appellee, described
the place as "a certain building on lot 1, block number
14, in original city of Chariton, Lucas county, Iowa."
It is claimed that the description, as given, is not as
particular and specific as the statute requires, and that,
for that reason, the court did not acquire jurisdiction to
grant the permit. It appears to us that the proposition
is purely technical and without merit. The descriptions
of the place in the application and notice are substan-
tially the same, with the exception that in the applica-
tion the building is described as a "brick" structure.
The object of the statute in requiring the particular place
where the business is to be carried on to be stated is that
the public may know the location of the drug store or
place, so that remonstrances may be interposed if it is
thought the place is an improper one for that business,
or that there are other good grounds for opposing the
application. It appears that there is a brick building
and a wooden structure on lot 1, block 14. There are
two storerooms in the brick building, one of which was
occupied by appellee as his place of business. It is not
easy to define what would be a particular description,
within the meaning of the statute. We do not think
that it would be necessary to give the dimensions of
the room, the material of which the building is con-
structed, whether of brick or stone or wood, and the
color of the building. Ordinarily, naming a building
as upon a certain lot ought to be regarded as describing
the place with sufficient particularity. The thought of
appellant appears to be that the place should have been
described by designating in which one of the two store-
rooms it was proposed to conduct the business. We do
not think that was necessary. The applicant was in
possession of the room, and any one making inquiry as

to the place could not be misled by the description, and could not fail to find the identical place. Appellant cites and relies upon *Barnard v. Graham*, 22 N. E. Rep. (Ind. Sup.) 112, and *Com. v. Bearce*, 23 N. E. Rep. (Mass.) 99. In the first-named case the place was described as "the building on lot 23, on Main street," in the town of Burlington. There were two lots of that number in the town, but neither was on Main street. One of them was designated as "Lot 23 West," and the other as "Lot 23 East." The court, in delivering the opinion, held, that in fact, no locality was named. In the other case, the place was described as "the first floor of a building situated on the east side of South Main street, owned by Catherine Bearce." This did not locate the lot or building by any particular description, as by number and block. We think that the description of the place in the notice and application was sufficient to fulfill both the letter and spirit of the law, and that the decision of the district court should be AFFIRMED.